United States v. Bryant Love Attorney Russell Brown on behalf of Mr. Bryant Love, the appellant in this matter. Your Honors, I believe the first matter of business is to address whether or not the court should even address this issue. And it's Mr. Love's position that the United States Supreme Court decision in Borden amounts to a change in substantive law for the circuit. Specifically, Borden held that the ACCA's definition of violent felony does not include offenses criminalizing reckless conduct. Rather, the violent felony only covers purposeful and knowing acts. Prior to Borden, this circuit's precedent was clear with Dickerson and Clicknoe that the Illinois armed robbery statutes back in 1992, the same terminology and verbiage used of Mr. Love's armed robbery conviction was in fact a predicate offense under the ACCA. Without addressing the mens rea question. I'm sorry, Your Honor? Without addressing the mens rea question. The more specific question here is whether the law of this circuit was consistent with the holding of Borden, which is that recklessness doesn't count under the ACCA. It has to be purposeful or knowing conduct. Correct. And that's what the government's reliance upon Rutherford and this court's decision in Rutherford about talking about the mens rea and reckless conduct. But in Rutherford, the court utilized, while it did talk about reckless conduct or accidental conduct in that opinion, it talked about use and the use of force. And so the Illinois statute also uses the term use. And so it was still precluded. It wasn't precluded. No one had previously challenged the use of, or the classification of the Illinois armed robbery statute or even the Illinois robbery statute because the armed component of it just adds a weapon. As not qualifying or properly classified under the ACCA because of the mens rea requirement. That argument was still, I mean, it could have been made under our general precedent, which was long in place before Borden that crimes with a mens rea of recklessness don't count. I understand. So Borden didn't represent a change of the law in this circuit on that basic question with regard to its specific application here with respect to this particular statute of conviction. That argument could have been made pre-Borden. And I understand that your honor is a position on that. Respectfully, we believe that with Dickerson and Klicknoe, the two prior Seventh Circuit cases where it specifically held that the Illinois robbery statute was in fact a predicate offense under the ACCA. But without addressing the mens rea argument. So you can see that there's that distinction in those two cases. Okay, your honor. Okay. So with the understanding your honors comments, the holdings in Dickerson and Klicknoe made it very difficult and or Mr. Love's position foreclosed his argument on the initial appeal for whether or not his predicate or whether or not his armed robbery offense in Illinois was a predicate under the ACCA. So can you set Dickerson aside for a moment, right? Dickerson is 1990, correct? That's correct, your honor. Okay, so that's before the huge wave of case law and the categorical approach on it. So forget that for a minute. Okay. Okay. Why is it when you read Klicknoe within the four corners of Klicknoe that the mens, the mental state argument is foreclosed? What language in Klicknoe do you read as foreclosing the argument? Because Klicknoe, the reason I'm asking that, right, is Klicknoe, as Judge Sykes is getting at with her question, Klicknoe is an elements analysis focused on force, the force aspects, right, of Illinois robbery? That is correct, your honor. Okay. And I think the point that Chief Judge Sykes is making is that, well, sure, force is one aspect of it, but what about the mental state aspect of it too? So what language in Klicknoe foreclosed Mr. Love from lodging the substance of the challenge that he now wants to lodge? Our position would be, your honor, is just the overarching holding that Illinois armed robbery is a predicate offense under the ACCA. And it was that specific holding that while, yes, Klicknoe talked about the various, the force, that specific holding, the ACCA is, excuse me, Illinois armed robbery statute is a predicate offense under the ACCA. And I would direct your honor's attention to Jones v. United States. It's an unpublished decision out of the circuit that specifically stated that, that specifically held, well, this argument has been foreclosed by Klicknoe, again, addressing the Illinois armed robbery statute. So that's consistent with Mr. Love's position that he could not previously have raised this issue because it was foreclosed by Klicknoe. As we go through the analysis with the categorical approach, which your honors are very well aware of, the categorical approach is, and I quote, if any, even the least culpable of the acts criminalized do not entail the kind of force, the statute of conviction does not categorically match the federal standard and cannot serve as an ACCA predicate. That was cited by United States and Borden relying upon its decision in Johnson of 2010. The Illinois armed robbery back in 1992 statute that Mr. Love was convicted of, allows for reckless conduct. And as this court recognized in Shama- Well, that's a rather categorical statement. It's an open question and I think it is a contested question whether what the mens rea under the armed robbery statute or the robbery statute, which is the base offense here, whether recklessness qualifies, right? The Illinois Supreme Court has, because their statute did not set out a mens rea back in 1992, the Illinois Supreme Court in Jones, also in Aguilar, acknowledged that because the stat, because the legislature in Illinois did not specifically set out a mens rea in the statute, then any of the mens rea of knowingly, intentionally or recklessly apply to that statute. With respect to the use of force component of the statute or the taking of the property component, which one? Your Honor, I do not believe that that specific question has been answered by the Illinois Supreme Court. That's what I'm driving at here. The precise question here about what mens rea is required for which elements of the offense is an open question in Illinois. Under the statute at the time your client was convicted. I would have believed so, Judge. So we'd be deciding that in a blank slate on plain error review. Not a good idea generally, right? Understanding Your Honor's belief and position that because ClickNo did not foreclose this argument that it's under a plain error. If Your Honor believes that this argument was foreclosed by ClickNo, then I believe that it's a de novo review. So it's Mr. Lowe's position that the mens rea element applies not only to the takings or the taking of the property, but also to the force that was used in order to take the property. What did the jury instructions say at the time? Your Honor, the jury instruction and the government cited to the jury instruction in their brief and the government used that as support for their argument that it was only for the takings clause. However, I believe that that is a too narrow reading of the instruction and or the statute in and of itself again, because the statute itself did not include a mens rea, the instruction does not include a mens rea. And so that's where we believe that it is reasonable to make the determination that the mens rea applies to the public. I thought the instruction contained a mens rea, but only with respect to one element of the offense. So the recklessness option was not available for both elements of the offense, the taking and the use of force component? Respectfully, Your Honor, I believe it is. I don't have it in front of me, I don't remember, but my recollection was that that recklessness option was only with respect to one element, not both. Well, and I would, I guess, argue that robbery is about the force, otherwise it's just a theft. And as the Illinois Supreme Court indicated in Aguilar, the difference between robbery and theft is very subtle. So when we talk about the mens rea element, force is what matters in order to distinguish that from the theft. So it would be our position that the mens rea of the actual force, the mens rea should apply to the force element as well as the taking element. Thank you. Your Honor, I understand that my time is up. Thank you very much for the opportunity. Respectfully request, Your Honors, to remand for resentencing with direction to the district court to allow the district court to sentence Mr. Love and that the Armed Career Criminal Act does not apply. Thank you. Thank you. Mr. Whalen. May it please the court. Good morning, Your Honors. I'm Nathaniel Whalen here on behalf of the United States. Your Honors, this court should defer Mr. Love's sentence for three reasons. This court's already discussed waiver. The second but related issue is the scope of the mandate. This court instructed the district court to remand for resentencing under the Armed Career Criminal Act. The district court appropriately found it could not go beyond this court's mandate and reconsider new arguments. It was obliged to do what this court told it to do as district courts are. Mr. Love has still not addressed that issue and we think that that's an alternate basis to affirm. Unless this court has any questions on those, I'll just move on to the substance of Illinois robbery. And Chief Judge Sykes, you're right, the Illinois jury instructions do include recklessness as to the takings element. To the extent that there's any confusion about that, if you look at instruction 14.06, which we don't cite because this is sort of a new argument on reply, Illinois armed robbery has been amended to say knowingly take property through the use of force. And so if you look at 14.06, which is the current instruction for armed robbery, element one is the takings element and it says knowingly take property. Element two is identical to what it was back then, which is through the use of force or threatened use of force against another. So they've amended the mens rea as to the takings element pursuant to the statute, but not as to the second element. And that's because the word use is what provides the mens rea as to the second element. And that's what the Illinois courts have said when they've said in, for example, Dennis, that when you use force, you are directing force at the victim. It's similar to what the Supreme Court has done in Boise and Borden and Leocal where they've interpreted the word use. Illinois has just interpreted it differently than the federal courts have interpreted the word use as it applies in the Armed Career Criminal Act. Illinois courts have said use means contemplated force or force directed at another individual. And I do think the best example of this is this. As the means for completing the taking of the property. That's correct, Your Honor. And that's what distinguishes robbery from theft under the model penal code in most state statutes. Absolutely, Your Honor. And that's where Aguilar actually comes in. Aguilar is a case about the connection between the use of force and the taking. That's a case where the defendant, the victim sees people in the street, gets out of the car, the defendant and a bunch of people punch him and throw stuff at him and the victim runs away. They then take his car. He argues to the Illinois courts, no, there's no connection between the two, between the force and the robbery. And the Illinois courts say, no, your force is what effectuated him leaving the car. Basically made the car available for you to then take. So there is that connection, what the Illinois courts call a concurrence between the use of force and the taking. That's why you're saying, I think, help me out here, in your red brief, that it doesn't make any sense to think of, if you think of the force aspect and the mental state aspect of force as being contemplated, directed that way, you get yourself tied in a knot pretty quickly if you start trying to inject recklessness considerations into that, right? The point you make is something like, how can you consciously disregard your use of force when you're contemplating and directing the force at a victim? How can you hold that mental state at one in the same time? That is our point, your honor. And the Illinois Supreme Court addressed that in Belk, albeit in a slightly different context. They were talking about forcible felony, which talks about the use of force. And what the defendant in that case said is, I committed a reckless crime, I think it was a vehicular homicide or something like that, and that shouldn't qualify as the use of force. The Illinois Supreme Court said, that's right, it doesn't qualify because you did not contemplate force. And so the Illinois Supreme Court in that context, and we think it's identical to the robbery context, it said, use really requires a contemplation of force. And that's consistent with what it said in interpretation of the robbery statutes. In the Carter case, which we also cite in the appellate court case, the court kind of handled the robbery statute as it relates to forcible felony and says, well, right, the Belk case didn't involve the use of force because that was reckless. Robbery though, and the quote is inherently qualifies because it involves the use of force. It involves the knowing or intentional direction of force at another. I'm sorry, your honor. So, no, no, not at all. So just to clarify in my mind, you know, the appellant raised some hypotheticals and that got me thinking about hypotheticals. And so just to clarify, so if a person, you know, is recklessly driving a car down the street, right, and they happen to hit a pedestrian, the driver gets out, sees the pedestrian was carrying a briefcase, takes the briefcase, and then drives off, the state's position is that would not be sufficient to constitute robbery. Our reading of Illinois case law is the Illinois would not say, the Illinois would say that does not qualify as robbery for the same reason that it did in Belk, that it's a reckless application of force. I don't want to say use of force because obviously that's a phrase that's causing a bit of trouble here. Yes, it's an application of force in a reckless manner that's not actually the use of force. It's an opportunistic theft. I think that's right, Your Honor. I think, you know, there is a, I was trying to think about that example, and there is a recklessness statute. I don't know if Your Honors care about the citation. It's 720 ILCS 5-12-5, which says if you recklessly perform an act that causes bodily harm, I suspect that would be the charge in the case. It would be recklessness plus theft. Every state has a similar statute. Sure, I am not a scholar in Illinois law or, yeah, nor do I purport to be. I just play one on TV, Your Honors. Right, and there's plenty of other things that would be chargeable from that hypothetical. I think that's right, Your Honor. But it probably wouldn't be robbery or even armed robbery if you considered the car as a weapon. I think that's right. And I think importantly, neither Mr. Love nor myself have identified a single case where Illinois courts have ever said that reckless use of force does qualify as the use of force under the robbery statute. Mr. Whelan, can I take you back? Set aside the scope of the mandate issue and go back to forfeiture a little bit. Mr. Brown's making the point that, and I think you gotta set Dickerson aside. I think Dickerson's kind of from a different era. I agree. Okay, so ClickNo is the case to look at that way. And his point is that ClickNo is pretty express. It's pretty declarative, all being an unpublished opinion, that Jones case. It looks like we read it that way. What's your reaction to that? Exactly as the court reacted to it, which is that dealt with the use of force, that dealt with the Stoeckling issue, and kind of which interpreted Flores from this court, which is what qualifies as the use of force in terms of the magnitude of the force. The Illinois courts, for example, have talked about taking a purse from someone on the street. And that's the issue in front of this court in those cases. Does that meet the Stoeckling standard? So the other point that comes to mind, and just bear with me here, is that when we've been trying to work through the categorical approach cases, we've seen different challenges, have we not, to drug statutes, for example, around what's qualifying as distribution and not distribution. But then we'll see an altogether different challenge about what substances are picked up, right? So you get this whole like coping, isomer business, and all that kind of stuff. And those defendants would say, well, that's a totally different challenge. I'm not challenging the distribution aspect of this. I'm now focused on what's picked up by the statute. That's correct, Your Honor. And we think that where a defendant remanded in one of those cases, I think Ruth is the leading case on that in this court about the isomers of the, I think it's Illinois controlled substance offense. I think had Ruth been a case on remand, it might have come out differently, or should have come out differently, because that's an argument Ruth could have made the first time around. They might have challenged their controlled substance conviction as saying that it wasn't divisible, for example. If that's the argument on the first appeal, then on remand, they can't come back and say, well, actually, we're talking about cocaine isomers and positional and geometric isomers. That argument, we can now raise because we didn't raise it the first time. What this court has pretty consistently said is you can't use the accident. Somebody had to be Mr. Ruth in the first instance. Just like someone had to be Mr. Borden, Your Honor. And it wasn't gonna come out of this court because this court has never said that there's no connection to the elements clause. That argument was foreclosed, however many years, roughly 30 years ago at this point. So, Your Honors, unless this court has any further questions, we do ask that you affirm this long-standing precedent. The bill in a robbery qualifies. Don't create a circuit split with the Eighth Circuit on the issue, and affirm Mr. Love's sentence. Thank you. Thank you. Mr. Brown, your time had expired, but we kept you with lots of questions, so if you have something to say in rebuttal, then you may have two minutes. There you are. I believe that when we're looking at the categorical approach, again, we don't have any specific Illinois cases on point here, but it's what could be the least culpable under the statute. And that's where we get into the hypothetical questions of what is reasonable. So, the government's position is that the force, that Illinois indicates that the force needed is be directed at the victim in the case. And respectfully, we don't believe that that is the case, that the force doesn't necessarily have to be directed at the victim. It's force that causes the victim to part ways with the property, but not necessarily directed at that. And that's where Mr. Love posits his hypotheticals of the walking into a crowded coffee shop, acting a fool, maybe waving a gun around, and somebody gets scared and runs out the back.  But that is what caused the individual to part ways with their property, that the individual then goes and takes off the table and becomes a theft. That would qualify under 1992 Illinois definition of armed robbery, that would actually classify as an armed robbery. And so, when we're looking at the categorical approach, it's the least culpable, and we believe that because of that, the statute as applied in Mr. Love's case in 1992 of the armed robbery, should not qualify as the ACCA pursuant to Borden, and asking your honors to remand and ask the court to re-sentence him, the district court to re-sentence him, not applying the ACCA. Thank you very much. Thank you. And thanks to both counsel, the case is taken under advisement.